UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20172-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLEVON WEBSTER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Clevon Webster's ("Defendant") motion to dismiss the United States of America's (the "Government") indictment as time-barred pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(ii) and for lack of zealous prosecution under Rule 48(b). [D.E. 45]. The Government responded to the motion on November 18, 2021 [D.E. 47] and the time for Defendant to file a reply has passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authorities, and for the reasons discussed below, Defendant's motion to dismiss should be **DENIED**.[1]

### *I.   BACKGROUND*

From March 26, 2020 until November 17, 2020, the Southern District of Florida suspended grand juries in response to the COVID-19 pandemic, creating a

---

[1] On November 4, 2021, the Honorable Darrin P. Gayles referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 46].

1

nearly eight-month period during which the Government could not seek indictments. During this period, on May 26, 2020, the Government filed an information charging Defendant and his brother ("Co-Defendant") with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2); Possession of Fifteen or More Unauthorized Access Devices, in 18 U.S.C. § 1029(a)(3); Defendant with Aggravated Identity Theft in violation of 18 U.S.C. § 1028(a)(1); and Co-Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

Shortly after grand juries resumed, on January 21, 2021, the Government obtained a superseding indictment that contained charges substantially identical to the information. All the counts against Defendant respectively allege criminal conduct through June 3, 2015, so the applicable five-year statute of limitations under 18 U.S.C. § 3282(a) permitted a criminal action to be brought until June 3, 2020. After a warrant was issued for his arrest on March 4, 2021, Defendant voluntarily surrendered to law enforcement. The same date he made his initial appearance before United States Magistrate Judge Jacqueline Becerra and was released on a $50,000 personal surety bond. [D.E. 9, 11].

On August 29, 2021, Co-Defendant moved to dismiss the charges against him because he asserted that the indictment was time-barred. [D.E. 29]. On September 27, 2021, the Undersigned submitted a Report & Recommendation (the "R&R") that recommended denying the motion. [D.E. 35]. We did so because we found the text of § 3282 plain and unambiguous in that an information lacking a waiver of indictment is "instituted" and thus tolls the applicable statute of limitations. This position is

2

aligned with the only Circuit Courts that have addressed the issue and the majority of district courts. *See United States v. Burdix-Dana*, 149 F. 3d 741 (7th Cir. 1998); *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992). The Court affirmed and adopted the R&R on October 25, 2021. [D.E 44].

Prior to the R&R being submitted, Defendant attempted to adopt and join his brother's motion [D.E 33], and he then attempted to join his brother's objections to the R&R after it was submitted [D.E. 39]. But the Court later dismissed those attempts on October 19, 2021 for various reasons and instructed Defendant to file his own motion. [D.E 42, 43]. On November 4, 2021, Defendant filed this motion that makes the same unsuccessful time-barred arguments that his Co-Defendant made and new ones under Rule 48(b). [D.E. 45].

## II. APPLICABLE PRINCIPLES AND LAW

Fed. R. Crim. P. 7(c)(1) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." A motion alleging a defect in the indictment must be raised before trial, unless the defect is regarding the district court's lack of jurisdiction or failure to state an offense, which may be brought at any time while a case is pending. *See United States v. Baxter*, 579 F. App'x 703, 705 (11th Cir. 2014) (citing Fed. R. Crim. P. 12(b)(3)(A)-(B)).

An indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* (quoting *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999)). A court must determine the sufficiency of an indictment from its face and "may not dismiss an indictment based on a determination of facts that should have been developed at trial." *Id.* (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).

Indeed, the Eleventh Circuit has held that there is "no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *see also Salman*, 378 F.3d at 1268 ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."). An indictment that charges in the language of the relevant statute is sufficient "as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (quotation omitted).

### III.    ANALYSIS

Defendant makes the exact same time-barred argument that his brother made. The R&R already addressed that argument and precludes it. We thus incorporate the analysis from the R&R here. As such, we move to Defendant's second argument under Rule 48(b).

Rule 48(b) states that "[t]he court *may* dismiss an indictment, information, or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b) (emphasis added); *see also United States v. Dunn*, 2021 WL 4516138, at *13 (S.D. Fla. Oct. 1, 2021) (highlighting that Rule 48(b) is discretionary). A court should consider four factors in weighing Rule 48(b); they are: "(1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) the prejudice, if any, the defendant suffered by the delay." *United States v. Becker*, 585 F.2d 703, 708 (4th Cir. 1978) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). If the length of delay is not "presumptively prejudicial," a court need not consider the remaining factors. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). "Delays exceeding one year are generally found to be 'presumptively prejudicial.'" *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (citing *Doggett,* 505 U.S. at 652 n. 1).

Courts should "exercise this power 'with caution[ ] and only after a forewarning to prosecutors of the consequences.'" *United States v. Hattrup*, 763 F.2d 376, 377 (9th Cir. 1985) (quoting *United States v. Simmons*, 536 F.2d 827, 836 (9th Cir.), *cert*

5

*denied*, 429 U.S. 854 (1976)). A dismissal under Rule 48(b) may be improper in "the absence of prosecutorial misconduct and demonstrable prejudice or substantial threat thereof[.]" *Id.* at 378. Put differently, Rule 48 relief "is a harsh sanction that should be used only when the defendant has suffered prejudice or there is a substantial threat of prejudice." *Compare United States v. Dixon*, 2021 WL 1841748, at *4 (W.D. Va. May 7, 2021) (refusing to dismiss an indictment for Covid-19 delays under Rule 48(b)) *and Dunn*, 2021 WL 4516138, at *13 (same), *with United States v. Yepes Patino*, 2021 WL 2905376, at *2 (S.D. Fla. May 31, 2021), *Report and Recommendation adopted*, 2021 WL 2587133 (S.D. Fla. June 24, 2021) (dismissing case under Rule 48(b) after the Government waited over eight years to arrest the defendant after an indictment was filed and brought forward no reasonable reason for the delay) *and United States v. Machado*, 2005 WL 2886213, at *1, *6 (D. Mass. Nov. 3, 2005) (finding dismissal warranted under Rule 48(b) where, after defendant cooperated with the government in related cases and the parties finalized a plea agreement, the government failed to pursue a change-of-plea and sentencing hearing "for nearly four years" and "apparently forgot that a sealed information against defendant was pending").

As a threshold matter, Defendant must show a "presumptively prejudicial" delay. He asserts that the facts that led to his charges last occurred on June 3, 2015, so there was almost a five-year delay by the Government before it filed the information. This assertion misses the mark. The time period considered in a Rule 48(b) analysis has no relation to any conduct prior to an indictment or arrest. *See*

*United States v. Ball*, 18 F.4th 445, 450-51 (4th Cir. 2021) ("As to Ball's argument that the prosecution was unduly delayed for purposes of Rule 48, the court explained that Rule 48(b) 'clearly is limited to post-arrest situations,' whereas Ball was relying "on alleged delays that occurred prior to his indictment and arrest on the present federal charge.") (quoting *United States v. Marion*, 404 U.S. 307, 319 (1971)); *see also United States v. Mejias*, 417 F. Supp. 585 (S.D.N.Y. 1976), aff'd, 552 F.2d 435 (2d Cir. 1977) (holding that applicable statute of limitations remains primary yardstick by which to measure pre-accusation delays to prevent possible prejudice); *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991) (holding that challenges of pre-charging delays should generally be analyzed under the Fifth Amendment's due process clause, asking whether the defendant suffered a specific prejudice or whether the government deliberately endeavored to gain a tactical advantage).

We are thus left with a delay that is not "presumptively prejudicial" as it has been less than a year since the indictment was filed. We could end our analysis here. But even if we considered the delay going back to when the information was filed, the Government has given a valid reason for the delay before filing the indictment: the Covid-19 pandemic and the related suspension of grand juries. Moreover, Defendant has made no showing of any material prejudice against him for the delay. In sum, the Government was justified in filing the information before the statute of limitations ran and then indicting Defendant shortly after grand juries returned. This was not a lack of zealous prosecution by the Government, but its "best efforts to protect the public from a deadly disease[.]" *Dunn*, 2021 WL 4516138, at *1.

Defendant's motion should therefore be **DENIED**.

### *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss the Government's indictment [D.E. 45] should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 16th day of December, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge