UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cr-20172-GAYLES(s)

UNITED STATES OF AMERICA,

vs.

CLEVON WEBSTER,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Darrin P. Gayles, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Clevon Webster ("Defendant"). [ECF No. 72]. Based upon the change of plea hearing conducted on February 8, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.      The undersigned advised Defendant of his right to have these proceedings conducted by Judge Gayles, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Gayles. I further advised Defendant that Judge Gayles would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Gayles. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.      The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3.      The parties acknowledged that the plea agreement is a conditional plea and that pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Defendant reserves his right to appeal the Court's Order affirming and adopting Magistrate Judge Torres's Report and Recommendation on Defendant's Motion to Dismiss and denying Defendant's Motion to Dismiss. [ECF No. 54]. The parties agreed that this reservation of appellate rights is limited to the waiver-less information issue that Defendant raised in the Motion to Dismiss. *See* ECF No. 45. The parties agreed that should Defendant prevail on appeal, he shall be allowed to withdraw his plea of guilty to the Superseding Indictment.

4.      Defendant pled guilty to Counts 1 and 5 of the Superseding Indictment filed in this case, which charge him with the following violations: Title 18, United States Code, Section 1029(b)(2) (Conspiracy to Commit Access Device Fraud (to Possess Fifteen or More Unauthorized Access Devices)) (Count 1), and Title 18, United States Code, Section 1028A(a)(1) (Aggravated Identity Theft) (Count 5). I advised Defendant that as to Count 1, the maximum penalty the Court may impose is a sentence of five (5) years' imprisonment, followed by a term of supervised release of up to three (3) years. I also advised Defendant that as to Count 5, the Court must impose a term of imprisonment of two (2) years, to run consecutively to any term of imprisonment imposed as to Count 1, followed by a term of supervised release of up to one (1) year, which may run concurrently to the term of

supervised release imposed for Count 1. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to the greater of $250,000 or twice the loss caused by the offenses, in addition to a mandatory special assessment of $100 per count, which is due at the time of sentencing. Defendant acknowledged that he understood the possible penalties, including the minimum and maximum penalties that could be imposed in the case.

5.      Defendant also acknowledged and agreed that restitution is mandatory, and stipulated that he owes restitution in the amount of s $22,109.00, jointly and severally with his co-conspirator, Lennoy Webster.

6.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

7.      The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1 and 5 of the Superseding Indictment;  the parties agree to a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; and the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines if Defendant fully cooperates with the probation office, is not found to have

misrepresented facts to the government prior to entering into the plea agreement, and does not commit any misconduct after entering into the plea agreement.

8.      The parties agreed that they will jointly recommend that the Court make the following findings as to the sentence to be imposed: that the relevant amount of actual, probable, or intended loss under Section 2b1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is $52,466, resulting in a six-level increase; and that the offense involved ten (10) or more victims, including ten (10) or more victims whose means of identification was used unlawfully or without authority, resulting in a two-level increase. The parties agreed that they remain free to argue for or against any other enhancement or adjustment, as well as for or against any variance under Title 18, United States Code, Section 3353. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

9.      The parties notified the Court that as of the change of plea hearing they had not identified any property subject to forfeiture in this case, but that Defendant will cooperate fully with the Government in the identification of assets subject to forfeiture. Defendant waived all defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. Based on Defendant's acknowledgment and agreement at the hearing, the undersigned finds that Defendant's waiver of all defenses to forfeiture in this case is knowing and voluntary.

10.      Defendant agreed that he waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the

Court establishes at sentencing. Based upon the Defendant's acknowledgement and responses to my questions during the hearing, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary

11.     Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

12.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

13.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 5 of the Superseding Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

14.     A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing before Judge Gayles will be set by a separate order.

15.     The parties will have **five (5)**[1] calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge.

---

[1] At the Change of Plea Hearing before the undersigned, the parties did not object to shortening the amount of time to file written objections.

Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 8<u>th</u> day of February 2023.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Darrin P. Gayles
Counsel of Record